IN THE CIRCUIT COURT OF THE 20th JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA

MARIE SAINT-FLEUR,

    Plaintiff,

v.

AMAZON.COM SERVICES LLC,
Foreign Limited Liability Company,

    Defendant.

_____/

## COMPLAINT

**COMES NOW** Plaintiff, MARIE SAINT-FLEUR ("Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, AMAZON.COM SERVICES LLC ("Defendant"), and alleges as follows:

1. This is an action by the Plaintiff for damages exceeding $30,000, excluding attorney fees or costs, pursuant to the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA") and 42 U.S.C Section 1981 to redress injuries resulting from Defendant's unlawful, discriminatory treatment of Plaintiff.

2. Plaintiff is a resident of Lee County, Florida, within the jurisdiction of this Honorable Court.

3. Defendant is a Foreign Limited Liability Company authorized to conduct business in the State of Florida.

4. At all relevant times Defendant was an employer within the meaning of state and federal discrimination law in that it employed 15 or more employees for at least twenty calendar weeks in this year or the previous year.

5. The violations complained of herein occurred in Lee County, Florida and as such, venue is proper in this Court.

6. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. Plaintiff is a Black woman of Haitian national origin, and within a class of individuals protected by the FCRA.

8. Defendant, through Plaintiff's white raced supervisor, treated Plaintiff differently from white non-Haitians based on race and/or national origin.

9. Plaintiff's white supervisor would treat similar employees as Plaintiff better based on race and national origin and provide better working conditions to them for discriminatory reasons.

10. Plaintiff commenced employment with Defendant on or about March 10, 2020 in Customer Returns.

11. Plaintiff complained to her supervisor about other employees treating her poorly.

12. In October 2020 Plaintiff's schedule was changed and she was blocked from accessing her employee information like paystubs and W-2s.

13. Plaintiff complained to her superiors regarding the schedule change and the fact that she was denied access to important employee documents and explained the treatment was based on race and national origin.

14. After the complaints, Plaintiff was instructed to arrange for returns were often inappropriate, sexual, or dirty.

15. On or about November 11, 2020, Plaintiff was called into her supervisor's office

16. Without justification he revoked Plaintiff's badge, told her "bye bye" and she was terminated.

17. Plaintiff asked about the reasoning for her termination and was given none.

18. Plaintiff was fired for her complaints of discrimination and in retaliation for her complaints.

19. Plaintiff was fired based on her race and/or national origin.

20. Throughout her employment Plaintiff was able to perform the essential functions of her job duties and responsibilities, and at all relevant times she did perform her job at satisfactory or above-satisfactory levels.

21. Any reason proffered by Defendant for Plaintiff's termination is mere pretext for unlawful discrimination.

22. On or about March 2, 2021, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission.

23. All conditions precedent for the filing of this action before this Court have indeed been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## COUNT I
### *Race Discrimination in Violation of the FCRA*

24. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 above as if set out in full herein.

25. Plaintiff is a member of a protected class under the FCRA.

26. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

27. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

28. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

29. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

30. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

31. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

32. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

33. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

34. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

    f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *National Origin Discrimination in Violation the FCRA*

35. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

36. Plaintiff is a member of a protected class under the FCRA.

37. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to animosity based on national origin.

38. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Haitian.

39. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

40. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

41. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

42. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

43. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

44. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

45. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

## COUNT III. DISCRIMINATION BASED ON RACE AND NATIONAL ORIGIN IN VIOLATION OF 42 U.S.C. §1981

46. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

47. At all times material hereto Defendant was an "employer" within the meaning of Section 42 U.S.C. §1981.

48. At all times material hereto, Plaintiff was an "employee" within the meaning of 42 U.S.C. §1981

49. The Plaintiff had been employed by Defendant.

50. At all relevant times, Plaintiff was and continues to be qualified for the position formerly held with the Defendant.

51. At all times material hereto, the Plaintiff's job performance was satisfactory or above satisfactory.

52. The Defendant has engaged in a pattern of continuous discrimination against Plaintiff.

53. During the course of his employment with the Defendants, the Plaintiff was continually and repeatedly subjected to severe and pervasive racial discrimination by Defendant's agents.

54. For example, Plaintiff was repeatedly subjected to verbal insults directed at her race status as a Black individual and Haitian individual.

55. Defendant crafted and implemented a plan to eventually create an impossible working environment for Plaintiff based on Race discrimination. Defendant also created a subterfuge in an attempt to hide their blatant and unlawful discriminatory motivation.

56. Plaintiff was singled out for treatment in a discriminatory manner by Defendant because of her race.

57. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.

58. Defendant, and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

59. Defendant, through the actions of its agents, outrageously disregarded the requirements to investigate and remedy claims of discrimination.

60. The actions and language of the Defendant, were so severe and pervasive as to alter the terms, conditions and/or privileges of her employment with the Defendant, and thereby creating a hostile work environment.

61. The actions of the Defendant were based upon the Plaintiff being of the Black Race and also a Black/Haitian individual. The Defendant subjected the Plaintiff to race and national origin based animosity.

62. The Plaintiff would have continued in her form of employment with entitlement to her wages and benefits but for the discriminatory conduct of the Defendant.

63. When the Defendant terminated the Plaintiff's employment, it retained all employees involved who exhibited discriminatory conduct upon the Plaintiff. The Defendant did so despite the knowledge of those employees engaging in discriminatory actions and/or comments and thereby fostering a hostile work environment for Black employees like Plaintiff.

64. Moreover, a White individual replaced the Plaintiff's position after her termination.

65. The discrimination was based upon the Plaintiff's race, in that but for the fact that the Plaintiff is Black, she would not have been the object of discrimination.

66. As a result of the actions of the Defendant, as alleged herein, the Plaintiff has been deprived of her employment and has been exposed to ridicule and embarrassments and she has suffered emotional distress and damage.

67. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff were all in a position that possessed the authority to affect the terms, conditions, and privileges of the Plaintiff's employment with the Defendant.

68. The Plaintiff, by being subjected to this hostile and offensive work environment created by the Defendant, was unreasonably affected in a term, condition, or privilege of employment under applicable law in that her psychological well-being was seriously affected when the work place became hostile.

69. The conduct of the Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of her statutory right under federal law.

70. The actions of the Defendant and/or agents were willful, wanton, and intentional and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

71. The Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of the Defendant's discriminatory practices unless and until this Court grants relief.

72. The Plaintiff has retained undersigned counsel to prosecute his claim and is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act. WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of 42 U.S.C. §1981; and Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and  Award Plaintiff as to this count prejudgment interest; and Award Plaintiff damages for the amount of the costs of litigation and filing

including attorney's fees; and Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages. Plaintiff demands a trial by jury.

## COUNT IV.  HOSTILE WORK ENVIRONMENT BASED ON RACE IN VIOLATION OF 42 U.S.C. §1981

73. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

74. At all times material hereto Defendant, was an "employer" within the meaning of Section 42 U.S.C. §1981.

75. At all times material hereto, Plaintiff was an "employee" within the meaning of 42 U.S.C. §1981.

76. At all timer material here to, Plaintiff belongs to a protected group pursuant to 42 U.S.C. §1981.

77. The Plaintiff had been employed by Defendant.

78. At all relevant times, Plaintiff was and continues to be qualified for the position formerly held with the Defendant.

79. At all times material hereto, the Plaintiff's job performance was satisfactory or above satisfactory.

80. Plaintiff stopped working for her employer due to problems stemming from discrimination.

81. The Defendant has engaged in a pattern of continuous unwelcomed racial based discrimination against Plaintiff.

82. During the course of her employment with the Defendants, the Plaintiff was continually and repeatedly subjected to severe and pervasive racial discrimination by Defendant's agents, specifically being subjected to constant racial insults.

83. This discrimination was overt, abusive and denigrating, creating an atmosphere of workplace hostility.

84. For example, and not limited to this incident, Plaintiff was repeatedly subjected to verbal insults directed at her race.

85. Defendants crafted and implemented a plan to eventually terminate Plaintiff based upon her race.

86. Defendant also created a subterfuge in an attempt to hide their blatant and unlawful discriminatory motivation.

87. Plaintiff was singled out for treatment in a discriminatory manner by Defendant because of her race.

88. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant, and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

89. Defendant, through the actions of its agents, outrageously disregarded the requirements to investigate and remedy claims of discrimination.

90. The actions and language of the Defendant, were so severe and pervasive as to alter the terms, conditions and/or privileges of her employment with the Defendant, and thereby creating a hostile work environment.

91. The actions of the Defendant were based upon the Plaintiff being a black. The Defendant subjected the Plaintiff to race based animosity.

92. The Plaintiff would have continued in her form of employment with entitlement to her wages and benefits but for the discriminatory conduct of the Defendant.

93. The discrimination was based upon the Plaintiff's race, in that but for the fact that the Plaintiff is Black, she would not have been the object of discrimination.

94. As a result of the actions of the Defendant, as alleged herein, the Plaintiff has been deprived of her employment and has been exposed to ridicule and embarrassments and she has suffered emotional distress and damage.

95. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff were all in a position that possessed the authority to affect the terms, conditions, and privileges of the Plaintiff's employment with the Defendant.

96. The Plaintiff, by being subjected to this hostile and offensive work environment created by the Defendant, was unreasonably affected in a term, condition, or privilege of employment under applicable law in that his psychological well-being was seriously affected when the work place became hostile.

97. The conduct of the Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of her statutory right under federal law.

98. The actions of the Defendant and/or agents were willful, wanton, and intentional and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages

pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

99. The Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of the Defendant's discriminatory practices unless and until this Court grants relief.

**100.** The Plaintiff has retained undersigned counsel to prosecute his claim and is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court: Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of 42 U.S.C. §1981; and Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and Award Plaintiff as to this count prejudgment interest; and Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages. Plaintiff demands a trial by jury.

### COUNT V:
### RETALIATION IN VIOLATION OF 42 U.S.C. §1981

101. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

102. Plaintiff and Defendant had a contractual relationship.

103. Defendant precluded Plaintiff from performing the stated contractual relationship when Defendant failed to provide benefits and fired Plaintiff in retaliation for complaints of discrimination.

104. Defendant's discrimination and termination of Plaintiff's contractual relationship in retaliation for Plaintiff's opposition to unlawful employment practices based on race as more particularly described above.

105. Plaintiff was unable to enjoy all the benefits, privileges, terms and conditions of the contractual relationship.

106. Defendant has acted with malice and/or reckless disregard for Plaintiff's protected rights.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of 42 U.S.C. §1981; and

B. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

E. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

F. Plaintiff demands a trial by jury.

Dated: September 27, 2022

Respectfully submitted,

/s/ Jason S. Remer
**Jason S. Remer, Esq.**
Florida Bar No.: 165580
jremer@rgpattorneys.com
**REMER GEORGES-PIERRE & HOOGERWOERD, PLLC**
**2745 Ponce De Leon Blvd**
**Coral Gables, FL 33134**